UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:22-CR-2-REW-HAI-5 |
| v. | ) | |
| | ) | |
| CALVIN ZACHARY SIZEMORE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 124 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Calvin Sizemore's guilty plea and adjudge him guilty of Count One of the Second Superseding Indictment (DE 43). *See* DE 125 (Recommendation); *see also* DE 127 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 125 at 2–3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and

forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 125, **ACCEPTS** Sizemore's guilty plea, and **ADJUDGES** Sizemore guilty of Count One of the Second Superseding Indictment (DE 43); and

2. The Court will issue a separate sentencing order.[1]

This the 21st day of November, 2022.

Signed By:
Robert E. Wier
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Sizemore to custody. *See* DE 124 (Minute Entry). The Court, thus, sees no need to further address detention at this time. Sizemore shall remain in custody pending sentencing.